ADAMS & WESTLAKE MANUF'G CO. v. WESTLAKE.

(Circuit Court, E. D. New York. December 16, 1892.)

1. PATENTS FOR INVENTIONS—LICENSE—INJUNCTION.
    A bill by the licensee under a patent to enjoin the licensor from manufacturing the goods contrary to his agreement cannot be maintained when it appears that the licensee himself has ceased to manufacture any goods under the license.

2. SAME.
    Where the owner of a patent has executed a license to a corporation, agreeing not himself to manufacture or allow the use of his name in the manufacture of goods which will come in competition with those made by the licensee, the latter cannot enjoin him from manufacturing or allowing the use of his name in the manufacture of goods which come in competition with those made by another corporation, to which the licensee has executed a license, when such other corporation is not a party to the proceedings, and when plaintiff does not allege that it is damaged by reason of the competition with its licensee.

3. CONTRACTS—OPTION TO EXTEND—EXERCISE OF OPTION.
    In a contract, whereby the owner of a patent licensed a corporation to manufacture thereunder, it was stipulated that upon the request of the said corporation (naming it) the agreement might be extended for the term of five additional years "from and after January 1, 1891," upon the same

terms. Before the expiration of the original term of the contract the licensor received a letter, signed by a person describing himself as the attorney for the licensee and for another corporation, in which notice was given "that my clients elect to extend for the period of five years from December 31, 1891, their contracts with you, dated February 2, 1886." *Held,* that this notice was not a valid exercise of the option to extend, for it was given in behalf of an additional party, who was no party to the contract, and provided for an extension of six years, while the contract only allowed an extension for five years.

In Equity. Bill by the Adams & Westlake Manufacturing Company against William Westlake to enjoin alleged violations of a contract granting a license to manufacture under a patent owned by him. Injunction denied.

Wetmore & Jenner, for complainant.

Wing, Shoudy & Putnam, for defendant.

BENEDICT, District Judge. The original bill filed in this case by the Adams & Westlake Manufacturing Company is based upon certain license agreements between the complainant and the defendant, whereby the complainant was given the sole and exclusive license to manufacture and sell articles to be made under certain patents issued to the defendant, which agreements, by their terms, were to expire on the 1st day of January, 1891. There seems to be some mistake in the bill respecting the incorporation of the complainant. Not only the bill, but also the supplemental bill, describes the complainant as a corporation organized under the laws of the state of Illinois, whereas the contracts set forth in the bill describe the corporation as organized under the laws of the state of Michigan. This mistake is noticeable, because there is a corporation which was organized under the laws of the state of Illinois, and named the Adams & Westlake Company. But that corporation is not alluded to in the original bill, and neither the original nor the amended bill prays for any protection of that corporation by way of injunction. With that corporation the defendant has made no contract, and he swears that he did not know of the existence of such a corporation until he saw the supplemental bill herein, and never consented to the use of his name by any such named corporation. A temporary injunction was granted ex parte upon the filing of the original bill, which protected the Adams & Westlake Company, but this no doubt arose out of the curious similarity in the names adopted for these two corporations. The temporary injunction was accompanied by an order, returnable on October 25, 1889, to show cause why the injunction should not be continued during the pendency of the action. The hearing of that motion was by consent delayed until November, 1891, and was then brought on by the defendant. As the case then stood, the injunction must necessarily have been denied, for the reason that the contracts set out in the bill as the foundation of the action had at that time expired by their terms.

The complainant, however, asserting that an option given by the contracts to extend them to January 1, 1896, had been exercised, and thereby the contracts continued in force, leave was granted to file a supplemental bill. Thereupon a supplemental bill was filed, which

set forth an exercise by the complainant of the option given by the contracts, whereby, as it is averred, the expiration of the contracts was postponed until January 1, 1896. This supplemental bill also contains an averment not contained in the original bill, that the Adams & Westlake Company is a licensee of the complainant, engaged in manufacturing stove boards; and it charges that the defendant is indirectly engaged in manufacturing stove boards which come into competition with stove boards made by the Adams & Westlake Company. The cause is now before the court upon the original bill, the supplemental bill, together with the affidavits on which the temporary injunction was granted, the defendant's answer to the bill and to the supplemental bill, and the affidavit of the defendant in opposition to the motion. In this position the application is substantially an original application for an injunction pendente lite, similar to the temporary injunction granted on the original bill.

By the injunction thus asked for, the complainant seeks to restrain the defendant from manufacturing articles similar to articles manufactured by the complainant under the license agreements, and to restrain him from transferring a certain patent, No. 354,445, and from granting any license right under any application pending in the patent office for letters patent for improvements in lamps and their attachments, and from amending or proceeding with the said application. And the complainant also seeks to restrain the defendant from using or permitting his name to be used in any manufacturing business, or by any manufacturing house which shall make or sell articles like or similar to, and which shall come into competition with, articles made or sold by the Adams & Westlake Company, which corporation, as before stated, is distinct from the complainant corporation, and is no party to this action, nor to any of the contracts set forth in the complainant's bill. In regard to the first part of the injunction asked for, I remark that the bill nowhere states that the complainant is engaged in manufacturing any articles patented by the defendant, and the defendant, in his affidavit, states that the complainant has gone out of the business of manufacturing or selling articles covered by the license agreements with the defendant, which statement is not disputed. This fact seems fatal to the part of the injunction now under consideration. The license agreements, if not expressly, by necessary implication, contemplate the manufacture by the complainant, during the existence of the contracts, of articles constructed under defendant's patents, and the payment of a royalty to the defendant. The continuance of the complainant in the manufacture was one important part of the arrangement. When the complainant went out of the business of manufacturing and selling any of those articles it became impossible for the defendant to perform its agreements in this particular, and the defendant was at liberty to terminate them. But, if this be otherwise, it is evident that, if the complainant is not engaged in manufacturing or selling articles under the defendant's patents, no injury to the complainant can come from the acts charged, and the necessity for the injunction fails. Upon this ground, therefore, that portion of the injunction asked for is denied.

That portion of the injunction which seeks protection for the

Adams & Westlake Company must also be denied. The defendant has no contract with the Adams & Westlake Company. His contracts are with the complainant. The provision in his contracts with the complainant is that during the term of said agreement he "will not use, or allow or permit his name to be used, in any manufacturing business, or by any manufacturing house which shall make or sell articles like or similar to, or which would come into competition with, the articles made or sold by the Adams & Westlake Manufacturing Company." This provision affords no foundation for an injunction to protect the Adams & Westlake Company against competition. The defendant's contracts do not relate to competition with the Adams & Westlake Company, and that corporation is not a party to the action. It is said that the Adams & Westlake Company is a licensee of the complainant, and therefore the complainant has the right, and is charged with the duty, to protect the Adams & Westlake Company from competition by the defendant. But the bare fact that the Adams & Westlake Company is a licensee of the complainant (which is all that appears here) does not show that the complainant is bound to protect the Adams & Westlake Company from competition by the defendant. This is not an action for infringement, but to enforce in behalf of the complainant certain agreements between the complainant and defendant. If the Adams & Westlake Company have any rights under any contracts of the defendant, or are in danger of injury from his acts, they should ask such protection by an action of their own. In this action that corporation and its rights are not before the court. Damage to the complainant by the use of the defendant's name in the manufacture of articles that compete with articles made by the Adams & Westlake Company, if any such there are, is not averred. Moreover, when it appears that no articles are made or sold by the complainant under defendant's patents, it is not seen how it could be possible for the defendant to make or sell articles which would come into competition with the complainant in respect to such articles. This portion of the injunction must therefore be denied, upon the ground that the use of the defendant's name in competition with the Adams & Westlake Company is not a violation of the defendant's agreements with complainant, and it does not appear that any injuries to the complainant would result therefrom.

There is another ground taken in opposition to this motion which, in my opinion, is fatal to the complainant, namely, that the contracts set up in the bill have expired. By their terms the contracts sued on were to expire January 1, 1891, unless extended under the option which the agreement contains. The provision for the extension of the contracts is as follows:

"Fourth. The said William Westlake hereby agrees, upon the request of the said Adams and Westlake Manufacturing Company, made on or before the expiration of the term of this agreement, to extend their license and agreement for the term of five additional years from and after January 1, 1891, upon the same terms of payment of royalty as set forth in article three above written; that is, upon payment of $200 per annum during the extended term."

That portion of the letter to the defendant dated December 26, 1890, and signed "J. H. Raymond, Attorney at Law and in Fact for

the Adams and Westlake Manufacturing Company, and the Adams and Westlake Company," relied on as effecting an extension of the contracts, is as follows:

"I beg to add to my recent letter to you this formal notice that my clients elect to extend for the period of five years from December 31, 1891, their contracts with you, dated February 2, 1886, of which notice kindly acknowledge receipt."

So far as appears from the papers before me, the defendant took no notice of this letter, and it has not been claimed that he ever, by any instrument in writing, agreed to an extension of these contracts. In my opinion, the notice above quoted from the letter of J. H. Raymond did not effect an extension of the agreements, for two reasons: First, because it was a notice from two corporations that those two corporations "elect to extend their contracts with you, dated February 2, 1886," when the defendant had no contract with one of these corporations. Furthermore, the notice was that these two corporations elect to extend their contracts for one year longer than was provided in the contract between the complainant and the defendant. By the contracts an option was given to the complainant to extend the time of the contract for five years from January 1, 1891. The notice sent says that the two corporations mentioned in it elect to extend their contract for five years from December 31, 1891; that is, for one year longer than the complainant's contract stated. It is said that this was an oversight on the part of the writer. If such be the fact, nevertheless, the only notice the defendant ever received related to an extension for five years from December 31, 1891, which he had never agreed to give. In my opinion, such a notice did not effect an extension of the contracts. The injunction asked for must therefore be denied upon the further ground that the contracts which form the foundation of the complainant's bill have expired.